**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:21-cr-00517 |
| Plaintiff, | ) ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) ) | |
| DIEGO BELTRAN, | ) | **MEMORANDUM OF OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) ) | (Resolving Doc. 98) |

This matter is before the Court on the *Unopposed Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(2)* (Doc. 98) (the "Motion") filed by Defendant Diego Beltran ("Beltran"). The United States of America has not responded to the Motion.

For the reasons stated below, the Motion is DENIED.

**I. BACKGROUND**

A federal grand jury charged Beltran with conspiracy to distribute and possess with intent to distribute controlled substances in violation of 21 U.S.C. § 846 (Count One) and distribution of controlled substances in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2 (Count Two). Doc. 12. Pursuant to a plea agreement, Beltran pled guilty as to both counts. Doc. 27.

In preparation for sentencing, the United States Pretrial Services and Probation Office prepared the Presentence Investigation Report (the "PSI"). Doc. 47. The PSI indicated Beltran had a total offense level of 23[1] and a criminal history category of I, therefore his advisory guideline range was 46–57 months. Doc. 47 at p. 11, ¶ 51. The Court ultimately rejected the Safety Valve

---

[1] The original offense level calculation was level 28. The PSI provided for a total reduction of five (5) levels – two (2) for the Safety Valve reduction, and three (3) for acceptance of responsibility.

1

2-level reduction and based its sentence off an offense level of 25, which provided for an advisory range of 60–71 months. Doc. 52. The Court sentenced Beltran to 71 months' imprisonment. Doc. 49.

After Beltran's sentencing, the United States Sentencing Commission issued Amendment 821. Beltran now seeks retroactive application of Amendment 821 to reduce his sentence to 60 months.

## II. LAW AND ANALYSIS

### A. Legal Standard

A defendant who has been sentenced to a term of imprisonment based on a subsequently lowered sentencing range may move the Court to reduce their term of imprisonment. 18 U.S.C. § 3582(c)(2). The lowered sentencing range in this case resulted from Amendment 821, which was made retroactive by 18 U.S.C. Appx. § 825 ("Amendment 825"). The Court must employ a two-step approach to deciding whether to reduce the defendant's sentence pursuant to a retroactive amendment. *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020) (quoting *Dillon v. United States*, 560 U.S. 817, 826–27 (2010)).

First, the Court must ensure the defendant is eligible for a sentence modification pursuant to 18 U.S.C. Appx § 1B1.10 (the "Policy Statement"). *Id.* Relevant in this case, the Policy Statement applies to Amendment 821. *See* 18 U.S.C. Appx § 1B1.10, n.7.

If the defendant is eligible, the Court is further instructed to consider the applicable 18 U.S.C. § 3553(a) factors to determine whether a reduction is warranted in light of the particular circumstances of the case. *Jones*, 980 F.3d at 1107. The section 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law,

provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

### B. Analysis

In the Motion, Beltran asks the Court to reduce his sentence under Amendment 821 based on the assertion that the amendment provides an additional 2-level reduction because he has no criminal history points, therefore the advisory sentencing range now applicable to his case is 46–57 months, rather than the 57–71 months used at the time of sentencing. Doc. 98 at 3. Part B of Amendment 821 created a new U.S.S.G. § 4C1.1 that permits the Court to reduce the offense level by two (2) if:

> (1) the defendant did not receive any criminal history points from Chapter Four, Part A; (2) the defendant did not receive an adjustment under §3A1.4 (Terrorism); (3) the defendant did not use violence or credible threats of violence in connection with the offense; (4) the offense did not result in death or serious bodily injury; (5) the instant offense of conviction is not a sex offense; (6) the defendant did not personally cause substantial financial hardship; (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense; (8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights); (9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and (10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848.

At the time of sentencing, Beltran's total criminal history points were zero (0). Doc. 47 at p. 8, ¶ 34. He now argues that the guidelines range should be adjusted because he would receive

3

an additional two-level reduction based on his circumstances not falling under any of the disqualifying factors listed in § 4C1.1. The Court finds that Amendment 821 applies to Beltran and he is thus eligible for consideration of a sentence reduction.

However, upon consideration of the applicable § 3553(a) factors, the Court has determined that a reduction is not warranted in light of the circumstances of Beltran's case. *See Jones*, 980 F.3d at 1107. Relevant here is the nature of the offenses and the need of the sentence to promote respect for the law, afford adequate deterrence, and protect the public from future crimes. *See* 18 U.S.C. §§ 3553(a)(1) and (2). Beltran was engaged in a scheme with others to conduct drug trafficking activity related to fentanyl and cocaine. Doc. 47 at pp. 5–6, ¶¶ 10–15. He was discovered with 3,000 counterfeit pills that contained fentanyl but were dangerously disguised as oxycodone "M30" pills. Doc. 47 at p. 6, ¶ 13. Throughout the proceedings, it became clear that Beltran was at least aware of, if not further involved with, a much larger drug trafficking operation than that which was the subject of the instant case. At the time of sentencing, the Court considered these factors and determined that a 71-month sentence promoted respect for the law, afforded adequate deterrence, and protected the public. *See* 18 U.S.C. § 3553(a)(2).

Given the facts and after consideration of the need for the sentence imposed to protect the public and offer adequate deterrence, the Court finds a reduction to Beltran's 71-month sentence is not warranted. The Court's imposition of the sentence was sufficient but not greater than necessary, and if sentenced today with a two-level reduction pursuant to Amendment 821, this Court would impose the same sentence.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

## III. CONCLUSION

For the reasons stated above, the *Unopposed Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(2)* (Doc. 98) is DENIED.

Date: March 28, 2024     /s/ *John R. Adams*
                         JOHN R. ADAMS
                         UNITED STATES DISTRICT JUDGE